# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JASON SHANTEL GOSSETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. CIV-21-49-JD |
| ) | |
| **BEN FLOWERS, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Jason Shantel Gossett (Plaintiff), a prisoner in the custody of the Oklahoma Department of Corrections (DOC) and housed at the William S. Key Correctional Center in Fort Supply, Oklahoma, brings this action under 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. *See* Doc. 1.[1] He appears pro se.[2]

Plaintiff names as Defendants—Murray County Sheriff's Deputy Ben Flowers, Murray County Sheriff Darrin Rogers, Jail Administrator Don

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Quotations are verbatim unless indicated.

[2] The Court construes Plaintiff's pro se filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Helphinstine, Murray County Assistant District Attorney Jessica Underwood, and Judge Aaron Duck.[3] *See id.* at 3-4, 7-8.

United States District Judge Jodi W. Dishman has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). *See* Doc. 4. Following mandatory screening of Plaintiff's complaint, the undersigned recommends the transfer of this action to the United States District Court for the Eastern District of Oklahoma.

## I.    Plaintiff's claims.

Plaintiff alleges he was arrested in his home by Defendant Flowers without a warrant and after an illegal search and seizure of his property. Doc. 1, at 5. Plaintiff states that after his arrest he was "held in a confined space for 201 days without relief [and he was] never let out of [his] cell." *Id.* He alleges he was not allowed to exercise, watch television, make phone calls, or have visitors, and the jail had "no commissary," "no medical, no magazines or newspapers, [and] no legal library." *Id.* Plaintiff requests monetary damages for his pain and suffering and for the Defendants' failure to "uphold Due Process and the Constitutional Rights of an American." *Id.*

---

[3]    Plaintiff has moved to amend his complaint to delete Defendants Underwood and Duck because he has since determined they are entitled to "absolute immunity" from suit. Doc. 11.

## II. Screening.

Federal law requires the Court to screen complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any frivolous or malicious claim, any claim asking for monetary relief from a defendant who is immune from such relief, or any claim on which the Court cannot grant relief. *Id.* § 1915A(b).

One aspect of screening is reviewing whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks omitted). "[T]he court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010). *See also Trujillo*, 465 F.3d at 1222 ("A court may sua sponte cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice.").

### III.  Analysis.

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action . . . ." 28 U.S.C. § 1390(a). The proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." *Id.* § 1391(b)(1), (2).

### A.  Venue does not lie in the Western District of Oklahoma.

"Oklahoma is divided into three judicial districts . . . known as the Northern, Eastern, and Western Districts of Oklahoma." 28 U.S.C. § 116. Plaintiff identifies no Defendants who reside in the Western District of Oklahoma and does not allege that any acts giving rise to his claims occurred in this District. *See id.* § 116(c); *see also* Doc. 1, at 8-9. So, venue is not proper in this Court. *See id.* § 1391(b)(1), (2).

### B.  Venue is proper in the Eastern District of Oklahoma.

Venue lies in the United States District Court for the Eastern District of Oklahoma because Murray County is located there. *See* 28 U.S.C. § 116(b). Plaintiff identifies all Defendant as residing in Murray County and claims the

4

"events or omissions giving rise to [his] claim[s] occurred" there at his home and in the county jail. [4] *See id.* § 1391(b). So, venue is proper in that court.

### C. Transfer to the Eastern District of Oklahoma is in the interest of justice.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . . ." *Id.* § 1404(a). Plaintiff states he mistakenly filed this action in the Western District of Oklahoma and admits he should have filed his case in "the Eastern District Court." *See* Doc. 12. As venue is proper in that district, Plaintiff's action "might have been brought" there. 28 U.S.C. § 1404(a). The transfer of this action to the Eastern District of Oklahoma is "in the interest of justice." *Id.*

### IV. Recommendation and notice of right to object.

The undersigned recommends the transfer of this action under 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Oklahoma.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court **on or before April 20, 2021**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned

---

[4] *See* Doc. 1, at 4-5, 7-9 & Att. 1, at 1-2.

further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 30th day of March, 2021.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

6