IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON SHANTEL GOSSETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 21-134-RAW-SPS |
| ) | |
| BEN FLOWERS, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff, a pro se prisoner who is incarcerated at William S. Key Correctional Center in Fort Supply, Oklahoma, has filed an amended complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations related to his criminal proceedings and the conditions of his confinement in the Murray County Jail (Dkt. 14). The defendants are Ben Flowers, Murray County Deputy Sheriff; Don Helphinstine, Murray County Jail Administrator; Bill Bashear, Murray County Deputy Sheriff; Darren Rogers, Murray County Sheriff; Acting Murray County Commissioner; Phil Hurst, Court-Appointed Attorney; and Brett Morton, Court-Appointed Attorney. After review of the amended complaint, the Court finds Plaintiff must file a second amended civil rights complaint on the Court's form, as set forth below.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Claims Concerning Arrest and Conviction**

Plaintiff alleges that on March 22, 2020, Defendant Deputy Sheriff Flowers entered a commercial property, went to Plaintiff's residence, "ran the numbers" on a boat in Plaintiff's carport, and began asking Plaintiff very personal questions. Flowers then questioned Plaintiff about a truck and asked to see the truck's paperwork. When Plaintiff went inside his home to retrieve the paperwork, Flowers entered the residence without permission. Flowers searched Plaintiff's room and living room and found a "weed pipe" on the bed. Flowers then said he was going to find a reason to arrest Plaintiff. Defendant Bill Bashear arrived as a back-up officer, and Bashear would not stop Flowers. (Dkt. 14 at 3.

When it was determined that the boat actually was stolen, Flowers arrested Plaintiff for knowingly concealing stolen property. Plaintiff claims Flowers committed perjury about a 911 call concerning the stolen property. *Id*. at 3-6. According to the Oklahoma State Courts Network at https://www.oscn.net, Plaintiff was convicted of Knowingly Concealing Stolen Property, After Former Conviction of Two or More Felonies, in Murray County District Court Case No. CF 2020-27.[1]

To the extent Plaintiff seeks compensatory damages for his alleged unconstitutional arrest, conviction, or incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

Here, Plaintiff has made no showing that his conviction or sentence has been invalidated. Therefore, Defendants Ben Flowers and Bill Bashear are DISMISSED from this action for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**Claims Concerning Appointed Counsel**

Plaintiff alleges Phil Hurst was appointed to represent him on March 30, 2020, prior to the preliminary hearing conference on April 29, 2020. On June 2, 2020, Plaintiff filed a motion to dismiss, along with a letter to the district judge, asking to remove Hurst from the case. Plaintiff claimed that Hurst had disclosed information to Ben Flowers and had been involved in the district attorney's scheme to bring or attempt to bring charges. Hurst allegedly never objected and "allowed certain things to develop that caused [Plaintiff] harm and caused [him] to loose [sic] [his] liberty once again." Hurst also allegedly was aware of the conditions of Plaintiff's jail confinement and favored the prosecution. On June 3, Hurst filed a motion to withdraw, which was granted the same day. (Dkt. 14 at 9).

Brett Morton then was appointed to represent Plaintiff. Morton, however, allegedly failed to ask the boat's owner certain questions submitted by Plaintiff. Morton also terminated the preliminary hearing by stating to the judge that he thought a crime could be proven. Plaintiff further claims Morton lied to him about a 911 call. Finally, Morton was aware of the conditions of the jail. *Id*. at 10-11.

Court-appointed lawyers usually are not considered state actors for section 1983 purposes. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). Public defenders, however, are not immune from liability with regard to alleged conspiratorial action with state officials to deprive a criminal defendant of his federal constitutional rights. *See Tower v. Glover*, 467 U.S. 914, 920-21 (1984). Here, the Court finds Plaintiff's conclusory allegations do not demonstrate § 1983 liability for his appointed counsel. Therefore, Defendants Phil Hurst and Brett Morgan are DISMISSED from this action for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

**Second Amended Complaint**

Within twenty-one (21) days of the entry of this Opinion and Order, Plaintiff must file a second amended complaint on this Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. Further, the names in the caption of the second amended complaint must be identical to those contained in the body of the second amended complaint, pursuant to Fed. R. Civ. P. 10(a). Plaintiff is responsible for providing sufficient information for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process).

The second amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and showing Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. The "denial of a grievance, by itself without any

connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). The Court only will consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

A second amended complaint completely replaces the original and first amended complaint and renders the prior pleadings of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). The second amended complaint must include all claims and supporting material to be considered by the Court. *See* Local Civil Rule 9.2(c). It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint, the first amended complaint, or exhibits. *Id*. **It may not include defendants or claims that are dismissed by this Opinion and Order.** Pursuant to Local Civil Rule 5.2(a), the second amended complaint must be clearly legible, only one side of the paper may be used, and additional sheets of paper shall have margins of no less than one (1) inch on the top, bottom, and sides. The Court Clerk is directed to send Plaintiff a form for filing a second amended complaint.

**ACCORDINGLY,**

1. Defendants Ben Flowers and Bill Bashear, Phil Hurst, and Brett Morton are DISMISSED from this action for failure to state a claim on which relief may be granted.

2. Plaintiff is directed to file within twenty-one (21) days a second amended complaint on the Court's form as directed in this Opinion and Order.

3. The Court Clerk is directed to send Plaintiff a copy of the form for filing a second amended civil rights complaint in this Court.

4. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 8th day of June 2021.

Ronald A. White
United States District Judge
Eastern District of Oklahoma