IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JASON SHANTEL GOSSETT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 21-134-RAW-SPS |
| ) | |
| **DON HELPHINSTINE, et al.,** ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

On August 16, 2021, this civil rights action pursuant to 42 U.S.C. § 1983 was dismissed without prejudice for Plaintiff's failure to file a second amended complaint (Dkt. 27). On September 16, 2021, Plaintiff filed a "motion to proceed or appeal," which was construed as a motion for reconsideration of the dismissal (Dkt. 29).

As discussed in the Court's Opinion and Order entered on June 8, 2021, Plaintiff's first amended complaint sought relief under 42 U.S.C. § 1983 for alleged constitutional violations related to his criminal proceedings and the conditions of his confinement in the Murray County Jail (Dkt. 21 at 1). The Court explained, however, that "[t]o the extent Plaintiff seeks compensatory damages for his alleged unconstitutional arrest, conviction, or incarceration, he first must prove his 'conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus'" (Dkt. 21 at 3-4) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Because

Plaintiff had not demonstrated that his conviction or sentence had been invalidated, the claims related to his criminal proceedings were dismissed. *Id.* Plaintiff's claims against his appointed counsel also were dismissed, and he was directed to file a second amended complaint on the Court's form by June 29, 2021. *Id.* at 5-6. He was warned that failure to file a second amended complaint as directed would result in dismissal of this action without further notice. *Id.* at 7.

On July 8, 2021, Plaintiff again was instructed to file a second amended complaint, this time with a filing deadline of July 29, 2021 (Dkt. 24). Rather than comply with the Court's directions, Plaintiff filed a motion for clarification and for appointment of counsel, arguing that a second amended complaint was not necessary and again complaining about the search of his residence, his conviction, and his appointed counsel (Dkt. 26). Therefore, the case was dismissed and judgment was entered on August 16, 2021 (Dkts. 27, 28).

Because Plaintiff's motion to reconsider was filed more than 28 days after judgment was entered, the Court shall analyze it under Fed. R. Civ. P. 60(b), which states in pertinent part:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation,

2

or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Here, the Court finds Plaintiff's motion to reconsider fails to demonstrate he is entitled to relief under Fed. R. Civ. P. 60(b). The motion is merely a further explanation of the events surrounding his arrest and criminal proceedings, with complaints about the conditions of his jail confinement. The Court previously advised Plaintiff that claims related to his criminal conviction are not appropriate for this civil rights action (Dkt. 21 at 3-4). Such claims may, however, be brought in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, after exhaustion of state court remedies.

**ACCORDINGLY,** Plaintiff's motion for reconsideration of the dismissal of this action (Dkt. 29) is DENIED.

**IT IS SO ORDERED** this 14th day of December 2021.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE